NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>DAILYN GUTIERREZ,<br><br>　　　　Defendant - Appellant. | No. 23-672<br><br>D.C. No.<br>3:21-cr-00314-JD-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted May 15, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and NAVARRO, District Judge.[**]

Dailyn Gutierrez appeals his conviction, following a guilty plea, for
possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and
(b)(2). Gutierrez argues that the district court violated the prohibition in Federal
Rule of Criminal Procedure 11(c)(1) on judicial participation in plea discussions.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

He asks that we vacate his sentence and remand for resentencing before a different district court judge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Gutierrez waived his right to appeal the alleged Rule 11 violation. "An appeal waiver in a plea agreement is enforceable if the language of the waiver encompasses the defendant's right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Minasyan*, 4 F.4th 770, 777–78 (9th Cir. 2021) (citation and alterations omitted). Here, both conditions are met. The language of the appeal waiver in Gutierrez's plea agreement encompasses "any and all constitutional or legal challenges," which includes his Rule 11 claim. And Gutierrez does not dispute that he entered the plea agreement knowingly and voluntarily. Indeed, after questions arose as to whether Gutierrez understood that the court could use a higher Sentencing Guidelines range than that reflected in his plea agreement, Gutierrez reaffirmed that he wished to still go forward with his plea and declined the court's offer to withdraw it.

Contrary to Gutierrez's argument, there is no exception that makes Rule 11(c)(1) claims categorically unwaivable. "Rule 11(c)(1) is waivable" so long as "the waiver is knowing and voluntary." *United States v. Myers*, 804 F.3d 1246, 1255 (9th Cir. 2015). Because Gutierrez's appeal waiver was knowing and voluntary, it is enforceable against his Rule 11 claim. *Minasyan*, 4 F.4th at 777.

2. Even if we overlooked the waiver in the plea agreement and proceeded

to the merits, Gutierrez's claim would fail because any Rule 11 error was harmless. Rule 11(c)(1) "seeks to prevent judges from shaping plea bargains or persuading the defendant to accept particular terms." *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013) (quoting *United States v. Frank*, 36 F.3d 898, 902 (9th Cir. 1994) (quotation marks and alterations omitted)). A violation of Rule 11 is "harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Under this standard, a court must determine, "in light of the full record," "whether it was reasonably probable that, but for the [district court's] exhortations, [the defendant] would have exercised his right to go to trial." *United States v. Davila*, 569 U.S. 597, 612 (2013). It is the government's burden to "show that [the defendant] would have pleaded guilty even without the Rule 11 error." *United States v. Arqueta-Ramos*, 730 F.3d 1133, 1139 (9th Cir. 2013) (citation and internal quotation marks omitted).

Here, Gutierrez insisted on proceeding with his guilty plea, and he successfully did so without any changes being made to his plea agreement. Gutierrez does not dispute that he would have pleaded guilty regardless of the alleged Rule 11 violation, and he does not want this court to vacate his plea. To the extent Gutierrez argues that the asserted Rule 11(c)(1) violation affected his sentence or the district court's partiality in sentencing, the argument likewise fails. Even assuming this theory can be vindicated through Rule 11(c)(1), there is no indication that the district court's comments about the plea agreement affected its ultimate sentencing

determination. The court selected a sentence well below the Guidelines range, with appropriate consideration of mitigating factors and Sentencing Guidelines criteria. For all these reasons, the government met its burden to show that any Rule 11(c)(1) error was harmless.

**AFFIRMED.**